**Manuel Isaac PALACIOS, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–1000–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Gregory S. Katsas, Assistant Attorney General; Terri J. Scadron, Assistant Director; Anthony Norwood, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, GUIDO CALABRESI and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Manuel Isaac Palacios, a native and citizen of Colombia, seeks review of a January 30, 2008 order of the BIA affirming the April 27, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Isaac Palacios,* No. A97 515 494 (B.I.A. Jan. 30, 2008), *aff'g* No. A97 515 494 (Immig. Ct. N.Y. City Apr. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Palacios does not challenge the IJ's finding that his application for asylum was untimely pursuant to 8 U.S.C. § 1158(a)(2)(B). Additionally, because Palacios failed to raise before the agency his claim based on his membership in a particular social group, and because the government has raised this failure to exhaust in its brief, we decline to consider this issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–24 (2d Cir.2007).

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

To be eligible for withholding of removal, an alien is required to show that "it is more likely than not that his 'life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (quoting 8 U.S.C. § 1231(b)(3)(A)). If the alien establishes that he suffered past persecution on the basis of one such statutory ground, "eligibility for withholding is presumed, subject to rebuttal." *Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006) (citing 8 C.F.R. § 208.16(b)(1)). Persecution has been defined by the BIA as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). Persecution can take the form of non-life-threatening violence and physical abuse, *see Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 128 (2d.Cir.2004)), but the alleged harm must rise above the level of "mere harassment." *Ivanishvili,* 433 F.3d at 341.

■ Here, the agency found that Palacios failed to demonstrate either past persecution or that it was more likely than not that he would suffer persecution in the

future if he returned to Columbia. The agency did not err in reaching this conclusion.[*]

In this case, Palacios testified that on one occasion, members of the Revolutionary Armed Forces of Columbia ("FARC") kicked and hit him in order to extort money from him. As Palacios's testimony did not demonstrate that he experienced severe harm or suffering as a result of this incident, we do not find that a reasonable adjudicator would be compelled to conclude contrary to the agency. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Ivanishvili*, 433 F.3d at 341 (noting that "the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis"); *cf. Beskovic*, 467 F.3d at 226 (finding that a "minor beating ... may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground") (internal quotation marks and citation omitted).

■ Here, Palacios's only challenge to the agency's finding that he failed to demonstrate a likelihood of future persecution is his argument that the agency erred in relying on the fact that his mother and sisters remain unharmed in Colombia. We need not consider Palacios argument that his mother and sisters are not members of the same particular social group because he did not assert before the agency that he was a member of a particular social group. *See Lin Zhong*, 480 F.3d at 107 n. 1, 122–24. Moreover, we find that the agency reasonably relied, in part, on the fact that Palacios's mother, who lives in the house that Palacios lived in when he was purportedly attacked by FARC members, has remained unharmed in Columbia since his departure in 2001. *See Melgar de Torres*,

191 F.3d at 313 (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was weakened). Additionally, in considering whether Palacios established a likelihood of persecution, the agency reasonably relied, in part, on the fact that after FARC members purportedly attacked him and ordered him to leave town within 48 hours, he remained unharmed in his home town for two months and remained unharmed in another town in Colombia for eight months. *See Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir.2006) (recognizing that a presumption of future persecution can be rebutted if the agency finds that an applicant can avoid persecution by relocating to another part of the proposed country of removal). Ultimately, the agency's finding that Palacios failed to establish a likelihood of future persecution was supported by substantial evidence; accordingly, the agency reasonably denied his application for withholding of removal and CAT relief. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (recognizing that a CAT claim necessarily fails if the applicant is unable to show the likelihood of persecution needed to make out a withholding of removal claim and the factual predicate for the claims is the same).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

---

[*] Contrary to the government's argument, we find that Palacios has raised arguments challenging the agency's denial of his application for withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).